MARC J. SCHNEIDER, SBN 214609
mschneider@sycr.com
STEPHEN L. RAM, State Bar No. 240769
sram@sycr.com
JESSICA L. MULLEN, State Bar No. 288845
jmullen@sycr.com
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

Attorneys for Third Party
ACACIA RESEARCH CORPORATION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CELLULAR COMMUNICATIONS EQUIPMENT LLC,

Plaintiff,

vs.

HTC CORPORATION, et al.,

Defendants.

Case No. 15-cv-2373-JAH-MDD

PENDING IN UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS

CASE NO. 6:13-CV-00507-KNM (CONSOLIDATED LEAD CASE)

**DECLARATION OF JESSICA L. MULLEN IN SUPPORT OF THIRD PARTY ACACIA RESEARCH CORPORATION'S OPPOSITION TO AT&T MOBILITY, LLC'S MOTION TO COMPEL**

I, Jessica L. Mullen, declare:

1. I am an attorney in the law firm Stradling, Yocca, Carlson & Rauth, P.C., counsel for Third Party Acacia Research Corporation ("ARC"). I make each of the statements below based on my own personal knowledge, and, if called as a witness, I could and would testify competently to the contents of this declaration.

2. Attached hereto as **Exhibit A** is a true and correct copy of ARC's Form 10-K for the fiscal year ended December 31, 2014, that was downloaded under my supervision from the website for the U.S. Securities and Exchange Commission ("SEC").

3. Attached hereto as **Exhibit B** is a true and correct copy of United States Patent No. 8,055,820 B2 – Sebire issued on November 8, 2011.

4. Attached hereto as **Exhibit C** is a true and correct copy of United States Patent No. 7,218,923 B2 – Hartikainen et al. issued on May 15, 2007.

5. Attached hereto as **Exhibit D** is a true and correct copy of United States Patent No. 7,941,174 B2– Breuer et al. issued on May 10, 2011.

6. Attached hereto as **Exhibit E** is a true and correct copy of Nokia Corporation's Form 20-F for the fiscal year ended December 31, 2014, that was downloaded under my supervision from the website for the SEC.

7. Attached hereto as **Exhibit F** is a true and correct copy of the December 21, 2012 Patent Purchase Agreement between Acacia Research Group LLC ("ARG") and Nokia Siemens Networks B.V., bearing plaintiff Cellullar Communications Equipment LLC ("CCE") Bates-numbers CCE00002119 - CCE002217.

8. Attached hereto as **Exhibit G** is a true and correct copy of the January 25, 2013 Assignment and Assumption Agreement between ARG and CCE, bearing CCE Bates-numbers CCE001785-CCE001789.

9. Attached hereto as **Exhibit H** is a true and correct copy of the January 25, 2013 Assignment and Assumption Agreement between ARG and CCE, bearing CCE Bates-numbers CCE001993-CCE1997.

10. Attached hereto as **Exhibit I** is a true and correct copy of the June 20, 2013 Assignment and Assumption Agreement between ARG and CCE, bearing CCE Bates-numbers CCE001956-CCE001958.

11. Attached hereto as **Exhibit J** is a true and correct copy of CCE's second amended complaint for patent infringement in *Cellular Communications Equipment LLC v.HTC Corporation, et al*., Civil Action No. 6:13-cv-507 (E.D. Tex.) (Docket No. 390).

12. Attached hereto as **Exhibit K** is a true and correct copy of the subpoena served on ARC on April 9, 2015 by counsel for AT&T Mobility, LLC ("AT&T").

13. Attached hereto as **Exhibit L** is a true and correct copy of my April 23, 2015 letter to Mr. Jeffery Comeau, counsel for AT&T, enclosing ARC's objections to the subpoena.

14. Attached hereto as **Exhibit M** is a true and correct copy of my May 20, 2015 letter to Mr. Comeau enclosing ARC's supplemental responses to the subpoena.

15. Attached hereto as **Exhibit N** is a true and correct copy of my October 13, 2015 letter to Mr. Comeau.

16. Attached hereto as **Exhibit O** is a true and correct copy of AT&T Inc.'s Form 10-K for the fiscal year ended December 31, 2014, that was downloaded under my supervision from the website for the SEC.

17. Attached hereto as **Exhibit P** is a true and correct copy of the discovery order in *Adaptix, Inc. v. Alcatel-Lucent USA, Inc., et al.*, Nos. 6:12-cv-22, 6:12-cv-122, 6:12-cv-00123 (E.D. Tex. Aug. 14, 2014) (Docket No. 211).

18. Attached hereto as **Exhibit Q** is a true and correct copy of Paul Hastings LLP's webpage for its Orange County office location.

19. During the June 11, 2015 meet and confer call with Mr. Comeau, I explained that all potentially relevant documents relating to the Asserted Patents had been provided or made available to CCE and that counsel for CCE had confirmed that CCE had produced or would produce all non-privileged documents relating to the Asserted Patents including all relevant license agreements.[1] I directed Mr. Comeau to seek those documents from CCE, rather than CCE's corporate parent ARC. With respect to AT&T's demands for ARC and its affiliates' agreements and related information concerning other unrelated patents, I stated that such documents are not discoverable because they are irrelevant and stated that AT&T's requests were an improper attempt to delve into other areas of ARC's business that have nothing to do with the Asserted Patents, the underlying infringement action, or CCE. Mr. Comeau stated that the agreements were relevant to AT&T's damages calculations, but did not provide any explanation for his position. I invited AT&T to make a showing of relevance and provide supporting authorities or narrow the scope of the requests so that ARC could consider amending its responses.

20. After our June 11, 2015 call, I did not hear from Mr. Comeau (or any person at his law firm) for over three months. On September 25, 2015, Mr. Comeau left a voicemail stating that he was calling to "get back in touch about the subpoena."

21. During a meet and confer call with Mr. Comeau on October 8, 2015, I explained again that CCE had been given or has access to all documents relating to the Asserted Patents and that ARC has no additional or different documents to produce. I confirmed that ARC stood on its objections to AT&T's remaining

---

[1] "Asserted Patents" refers to U.S. Patent Nos. 8,055,820; 7,218,923; and 7,941,174.

requests because the agreements and related documents sought are completely unrelated to the infringement action and not likely to lead to the discovery of admissible evidence. Mr. Comeau maintained that such documents were relevant to AT&T's damages calculations. I explained that ARC's agreements pertaining to other unrelated patents are not relevant to AT&T's damages calculation because they are not a license to the Asserted Patents and do not set any economic value for them. Once again, I invited AT&T to provide case law supporting its position that such agreements and related information are relevant and discoverable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on December 7, 2015 in Newport Beach, California.

s/Jessica L. Mullen
Jessica L. Mullen

**TABLE OF CONTENTS**
**TO THE EXHIBITS TO THE DECLARATION OF JESSICA MULLEN IN SUPPORT OF THIRD PARTY ACACIA RESEARCH CORPORATION'S OPPOSITION TO AT&T MOBILITY, LLC'S MOTION TO COMPEL**


**EXHIBIT** **PAGES**

EXHIBIT A - Acacia Research Corporation Form 10-K, for the Fiscal Year Ended 12/31/14 .......... 1-86

EXHIBIT B - United States Patent No. US 8,055,820 B2, dated 11/8/11 ........ 87-88

EXHIBIT C - United States Patent No. US 7,218,923 B2, dated 5/15/07 ........ 89-90

EXHIBIT D - United States Patent No. US 7,941,174 B2, dated 5/10/11 ........ 91-92

EXHIBIT E - Nokia Corporation Form 20-F for the Fiscal Year Ended 12/31/13 .......... 93-370

EXHIBIT F - Patent Purchase Agreement, dated 12/21/12.......... 371-470

EXHIBIT G - Assignment and Assumption Agreement, dated 1/25/13 ....... 471-476

EXHIBIT H - Assignment and Assumption Agreement, dated 1/25/13 ....... 477-482

EXHIBIT I - Assignment and Assumption Agreement, dated 6/20/13......... 493-486

EXHIBIT J - Plaintiff's Second Amended Complaint for Patent Infringement, dated 4/10/15.......... 487-507

EXHIBIT K - Subpoena to Produce Documents directed to Acacia Research Corporation, dated 4/9/15 .......... 508-577

EXHIBIT L - Letter from Ms. Mullen to Mr. Comeau, dated 4/23/15 ......... 578-580

EXHIBIT M - Letter from Ms. Mullen to Mr. Comeau, dated 5/20/15 ........ 581-583

EXHIBIT N - Letter from Ms. Mullen to Mr. Comeau, dated 10/13/15....... 584-587

EXHIBIT O - AT&T Form 10-K for the Fiscal Year Ended 12/31/14......... 588-743

EXHIBIT P - Order, filed in the matter, *Adaptix, Inc. v. Alcatel-Lucent USA, Inc. et al.*, U.S.D.C. E.D. Tex. Case No. 6:12-cv-22, Docket No. 211, dated 8/14/14.......... 744-748

EXHIBIT Q - Screen Shot from the website, www.paulhastings.com, dated 12/7/15 .......... 749-752




LITIOC/2128505v1/101022-0120