1  MARC J. SCHNEIDER, SBN 214609
   mschneider@sycr.com
2  STEPHEN L. RAM, State Bar No. 240769
   sram@sycr.com
3  JESSICA L. MULLEN, State Bar No. 288845
   jmullen@sycr.com
4  STRADLING YOCCA CARLSON & RAUTH
   660 Newport Center Drive, Suite 1600
5  Newport Beach, CA  92660-6422
   Telephone:  (949) 725-4000
6  Facsimile:  (949) 725-4100

7  Attorneys for Third Party
   ACACIA RESEARCH CORPORATION
8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HTC CORPORATION, et al.,<br><br>Defendants. | Case No. 15-cv-2373-JAH-MDD<br><br>PENDING IN UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS<br><br>CASE NO. 6:13-CV-00507-KNM (CONSOLIDATED LEAD CASE)<br><br>**DECLARATION OF EDWARD R. NELSON IN SUPPORT OF THIRD PARTY ACACIA RESEARCH CORPORATION'S OPPOSITION TO AT&T MOBILITY, LLC'S MOTION TO COMPEL** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DECLARATION OF EDWARD R. NELSON (15cv2373)

I, Edward R. Nelson III, declare:

1.     I am an attorney with Nelson Bumgardner PC and counsel of record for Plaintiff Cellular Communications Equipment LLC ("CCE") in this matter. I have personal knowledge of the facts set forth below and, if called upon as a witness, would testify thereto.

2.     In connection with its disclosure and discovery obligations, CCE has made a complete production of relevant, non-privileged documents (with the exception of email communications, which involve a separate discovery procedure). In connection with its production, CCE has received or been given access to all Acacia Research Corporation ("ARC") and Acacia Research Group LLC ("ARG") documents related to U.S. Patent Nos. 8,055,820; 7,218,923 and 7,941,174 (collectively, the "Asserted Patents") and has produced all such relevant, non-privileged documents.

3.     After numerous attempts throughout the first half of 2014, I was ultimately informed on July 23, 2014 that Nokia Corporation ("Nokia") would not agree to produce relevant license agreements relating to the Asserted Patents that were not in ARC, ARG or CCE's possession without formal legal process. Similarly, I was informed that Nokia was unwilling to grant Nokia Siemens Networks B.V ("NSN") permission to release any such license agreements to CCE, and, thus, NSN declined to do so unless required by formal legal process.

4.     On October 1, 2014, CCE filed a Motion for Issuance of Letters Rogatory directed to the Ministry of Justice, Finland requesting the production of documents (including relevant license agreements) by Nokia ("Letter of Request"). In drafting the Letter of Request, CCE included categories of documents specifically requested by the defendants in this case, including AT&T Mobility LLC. Attached hereto as **Exhibit A** is a true and correct copy of CCE's Motion For Issuance Of Letters Rogatory and a true and correct copy of the Letter of Request contained therewith. It bears mention that the complete set of document

requests included in the Letter of Request were provided to Nokia informally as early as September 2, 2014.

5. In response to the Letter of Request, Nokia agreed to produce documents responsive to Request Nos. 1-24 seeking licenses between Nokia and specified parties, but Nokia refused to produce documents in response to Request No. 25 seeking all licenses between Nokia and any other unspecified entity. Nokia also refused to produce unredacted versions of agreements responsive to Request Nos. 26-30 as well as a license agreement with Qualcomm Inc. responsive to Request No. 31. Such refusals were communicated to my colleague, Tom Cecil, by in-house and outside counsel for Nokia.

7. On or around March 3, 2015, CCE produced documents to CCE pursuant to the Letter of Request. Those documents were thereafter produced to the defendants bearing production numbers NOKCCE_00001 - NOKCCE_00354.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on December 7, 2015 in Fort Worth, Tarrant County, Texas.

_____
Edward R. Nelson, III

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS

DECLARATION OF EDWARD R. NELSON (15cv2373)