1  CHRISTOPHER W. KENNERLY (SB# 255932)
   chriskennerly@paulhastings.com
2  PAUL HASTINGS LLP
   1117 S. California Ave.
3  Palo Alto, CA 94304-1106
   Telephone: (650) 320-1800
4  Facsimile: (650) 320-1900

5  JEFFREY D. COMEAU (SB# 259679)
   jeffreycomeau@paulhastings.com
6  PAUL HASTINGS LLP
   4747 Executive Drive
7  Twelfth Floor
   San Diego, CA 92121-3114
8  Telephone: (858) 458-3000
   Facsimile: (858) 458-3005
9
   Attorneys for Defendant
10 AT&T MOBILITY LLC

11                    UNITED STATES DISTRICT COURT

12                   SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  CELLULAR COMMUNICATIONS EQUIPMENT LLC, | CASE NO. 15-CV-2373-JAH-MDD |
| 15                Plaintiff, | PENDING IN UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS |
| 16       vs. | |
| 17  HTC CORPORATION, et al., | CASE NO. 6:13-CV-00507-KNM (CONSOLIDATED LEAD CASE) |
| 18                Defendants. | **REPLY IN SUPPORT OF AT&T MOBILITY LLC'S MOTION TO COMPEL ACACIA TO PRODUCE PATENT LICENSE AGREEMENTS AND RELATED DOCUMENTS** |
| 19 | |
| 20 | |
| 21 | |
| 22 | Date: |
| 23 | Time: Dept.: |

24

25              **REDACTED VERSION OF
                 DOCUMENT FILED UNDER SEAL**
26

27

28

I.  **INTRODUCTION**

Acacia—with its subsidiary, the Plaintiff CCE—has repeatedly frustrated AT&T's attempts to obtain discovery of relevant license agreements and related communications, forcing AT&T to file this Motion with this Court. The facts and law contradict Acacia's claims that it does not have access to the documents or should not be required to provide them. Acacia compounds its gamesmanship by refusing to consent to transfer of the Motion to the E.D. Tex., where the underlying litigation filed by Acacia's subsidiary, CCE, against AT&T is pending. For the reasons set forth in AT&T's Motion and below, the Motion should be granted, either by this Court or the presiding court in the E.D. Tex.

II. **AT&T'S MOTION TO COMPEL SHOULD BE GRANTED**

Acacia's Opposition asserts it should not be required to produce a single document for three reasons, each of which falls flat. First, Acacia states incorrectly that AT&T's subpoena was issued to obtain documents that were already produced. Second, Acacia argues that it does not have possession, custody, or control over Nokia or NSN documents, ignoring its agreement and friendly relationship with Nokia/NSN. Third, Acacia claims that its patent licenses are simply irrelevant. Each of those excuses fails.

A. **AT&T Does Not Seek Duplicative Discovery from Acacia**

Contrary to Acacia's suggestion, AT&T did not file this Motion to obtain another copy of documents already produced by CCE. Rather, AT&T's Motion seeks the following documents to the extent they have *not* been produced:

- All licenses to the Asserted Patents involving Nokia Corp., Siemens and/or NSN;
- Complete and unredacted copies of the redacted agreements relating Nokia Corp., Siemens and/or NSN;
- ███████████████████████████████████

-1-

- All agreements between one or more of the Inventors and one or more of Acacia, CCE, Nokia Corp., Siemens, and/or NSN related to User Equipment or any of the Patents-in-Suit, any Related Patent, or any Related Application;
- All license or settlement agreements relating to the Asserted Patents or similar technology; and
- All portfolio licenses that include the Asserted Patents, and those that do not include one or more Asserted Patents.

Mot. at 4, 9–10.  To the extent these requests itemize categories of documents rather than specific documents, it is solely because Acacia has refused to identify what responsive documents it is withholding.  AT&T is not seeking duplicative discovery, and the Court need not entertain this argument further.

### B. Acacia Has Possession, Custody, and Control of the Requested Nokia/NSN Documents

Acacia does not deny that Nokia and NSN are withholding documents relevant to the underlying litigation. *See* Mot. at 4. ███████████████████████████████████████████████████████████████████████████████ Instead, Acacia claims that it "has no greater rights than those CCE already exercised." Opp. at 16. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ While AT&T disputes CCE's

---

[1] The communication CCE clawed back was attached to AT&T's motion.  Pursuant to its obligations, AT&T's counsel destroyed the copies of the documents in its possession and informed CCE that a copy of the document had been filed under seal with this Court.  Ex. 34.

-2-

REPLY ISO MOTION TO COMPEL

1  claim of privilege as to this document, the mere claim of privilege demonstrates the
2  close relationship between Acacia and NSN in this matter.

3  Ignoring its agreement and friendly relationship with NSN, Acacia alleges
4  that documents can only be obtained from Nokia or NSN through a foreign
5  compulsory process.  Opp. at 16–17.  As evidence, Acacia cites Letters of Request
6  propounded by its subsidiary CCE to Nokia and NSN.  However, CCE's "effort" to
7  obtain discovery was a sham.  ▊
8  ▊
9  ▊ Acacia cannot
10 be allowed to obtain documents from its partner it believes are helpful and
11 simultaneously withhold the documents requested by defendants such as AT&T.
12 Contrary to Acacia's suggestion, AT&T has pursued this discovery through Letters
13 of Request as a means of exhausting all avenues.  Exs. 35–37.  But that does not
14 preclude AT&T from seeking discovery from Acacia, ▊
15 ▊
16 ▊

### C. Acacia Should Be Compelled To Produce Relevant Acacia Portfolio Licenses and License Negotiation Documents

Acacia wrongly claims that its license agreements are "simply irrelevant."
Opp. at 17–20.  However, it is Acacia's licensing practices that necessitate the
requested discovery.  ▊
▊
▊
▊

AT&T is not seeking every agreement under the sun, as Acacia suggests.
Rather, AT&T only seeks those agreements that inform on the value of the CCE
Asserted Patents.  ▊

-3-

1  █████████████████████████████
2 █████████████████████████████
3 █████████████████████████████
4 █████████████████████████████
5 ███

6      Again, to the extent AT&T's subpoena does not identify specific agreements, it is solely because Acacia often conducts its licensing activities in secret (and still refuses to identify what licenses it is withholding from discovery). AT&T further seeks the negotiation documents related to such licenses. Mot. at 11.

### III.   THIS MOTION SHOULD BE TRANSFERRED TO E.D. TEX.

As explained in AT&T's Motion, the procedures of Fed. R. Civ. P. 45 required AT&T to file its Motion in this district. *See* Mot. at 6–7. However, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Acacia previously filed a notice with this Court that it does not consent to such transfer. Dkt. No. 6. Pursuant to the Court's Order, "If Acacia does not consent to transfer the pending motion to compel, AT&T must file a statement as to whether this case falls within the exceptional circumstances category justifying transfer under Rule 45(f)." Dkt. No. 4, ¶ 4.

Exceptional circumstances do warrant transfer of the present motion to the E.D. Tex. As explained in AT&T's Motion, Acacia is not a disinterested third party and will directly benefit from any damages award in the underlying litigation pending in the E.D. Tex. *See* Mot. at 7–9. Indeed, Acacia created Plaintiff CCE in the E.D. Tex. in order to file the underlying lawsuit in the E.D. Tex. against AT&T and others. Acacia maintains a presence in Plano, which is located in the E.D. Tex., for ARG and its subsidiaries such as CCE. Ex. 30 at 19. Acacia has filed countless patent lawsuits in the E.D. Tex. through its subsidiaries and regularly litigates there.

1 Moreover, Acacia has been working hand-in-hand with CCE's counsel to frustrate AT&T's efforts to obtain the requested documents. Acacia submitted a declaration from CCE's lead counsel with its Opposition. *See* Dkt. No. 13 (Dec. of E. Nelson). Also, as noted above, one of the exhibits supporting AT&T's Motion was clawed back by CCE and is now the subject of a privilege dispute which will be decided in the E.D. Tex. Ex. 34. Given Acacia's demonstrated preference to litigate in the E.D. Tex. and close relationship with that District, there is no reason other than gamesmanship for Acacia not consenting to transfer of the Motion to that District.

Finally, given that Acacia's Opposition repeatedly points to CCE, AT&T intends to file a similar motion to compel against CCE, which CCE has confirmed it will oppose. Comeau Dec. ¶ 7. Thus, the court in the E.D. Tex. will already be addressing very similar issues as to CCE, and would be well situated to decide this Motion as to Acacia as well. The present Motion as to Acacia will not, however, be rendered moot because CCE has represented that it is unable to "go upstream" and obtain documents from Acacia. Ex. 15 at 24:5–8. While Acacia's Opposition represents that CCE has access to "relevant" documents, it specifically excludes the documents AT&T is presently seeking.

Therefore, exceptional circumstances warrant transfer of this Motion to the E.D. Tex. so that these issues can finally be resolved such that Acacia is required to provide the discovery it is withholding from AT&T, whether independently or through CCE.

**IV.  CONCLUSION**

For the foregoing reasons, AT&T respectfully requests the Court to grant its Motion to Compel. Furthermore, exceptional circumstances warrant transfer of the Motion to the E.D. Tex.

| | | |
|---|---|---|
| 1 | DATED: December 14, 2015 | Respectfully submitted, |
| 2 | | PAUL HASTINGS LLP |
| 3 | | By: /s/ Jeffrey D. Comeau |
| | | JEFFREY D. COMEAU |
| 4 | | CA SB# 259679 |
| | | jeffreycomeau@paulhasting.com |
| 5 | | PAUL HASTINGS LLP |
| | | 4747 Executive Drive |
| 6 | | Twelfth Floor |
| | | San Diego, CA 92121-3114 |
| 7 | | Telephone: (858) 458-3000 |
| | | Facsimile: (858) 458-3005 |
| 8 | | |
| | | Attorney for Defendant |
| 9 | | AT&T MOBILITY LLC |

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2015, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who have consented in writing to accept this notice as service of this document by electronic means.

/s/ Jeffrey D. Comeau
Jeffrey D. Comeau